**Phillip S. YUSSEN, M.D., Petitioner**

v.

**MEDICAL CARE AVAILABILITY AND REDUCTION OF ERROR FUND, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 2010.

Decided Jan. 4, 2011.

Publication Ordered March 24, 2011.

---

Paul R. Walker, Harrisburg, for petitioner.

Cindy E. Sheaffer, Harrisburg, for respondent.

BEFORE: COHN JUBELIRER, Judge, and BUTLER, Judge, and QUIGLEY, Senior Judge.

OPINION BY Judge BUTLER.

The Medical Care Availability and Reduction of Error Fund (Mcare Fund) filed Exceptions to a Proposed Decision recommending reversal of the order of the Mcare Fund which denied coverage under Section 715 of the Medical Care Availability and Reduction of Error Act (Act),[1] (Section 715) for Phillip S. Yussen, M.D. (Dr. Yussen). There is one issue before the Court: whether the Mcare Fund properly concluded that the Section 715 claim was "made" against the health care provider less than four years after the date of the alleged malpractice. For reasons that follow, we sustain the Exceptions and enter judgment in favor of the Mcare Fund.

On June 4, 2007, Joanna Ziv filed a praecipe for a writ of summons against a number of medical providers including Dr. Yussen. On August 30, 2007, a Form C–416 claim reporting the lawsuit was submitted to the Mcare Fund on behalf of Dr. Yussen requesting Section 715 indemnity and defense coverage for Dr. Yussen. The C–416 form reported that the date of alleged malpractice was July 7, 2003. On November 13, 2007, the Mcare Fund denied Section 715 coverage because the claim was made less than four years after the alleged malpractice. Dr. Yussen appealed the decision to the Pennsylvania Insurance Department (PID).

Prior to the Insurance Commissioner issuing an adjudication, the Pennsylvania Supreme Court ruled that this Court has original jurisdiction over claims against the Mcare Fund.[2] As a result of various orders, the entire administrative record

1. Act of March 20, 2002, P.L. 154, *as amended,* 40 P.S. §§ 1303.715(a).

2. *Fletcher v. Pa. Property and Cas. Ins. Guar. Ass'n,* 603 Pa. 452, 985 A.2d 678 (2009).

was forwarded to the Court on April 21, 2010. A hearing examiner was appointed to prepare and file a proposed decision and order. On May 5, 2010, the hearing examiner filed a Proposed Decision recommending that the decision of Mcare Fund denying Section 715 coverage be reversed. The Mcare Fund timely filed Exceptions with this Court to the Proposed Decision.[3]

The Mcare Fund argues that under the plain language of the statute, a claim is "made" for purposes of Section 715 when it is first asserted, instituted, or comes into existence. Thus, the Mcare Fund contends that the claim was "made" on June 4, 2007, when the writ of summons was filed in the courthouse and a civil action was instituted. We agree.

■ Section 715(a) provides in pertinent part:

> If a medical professional liability claim against a health care provider ... is *made* more than four years after the breach of contract or tort occurred and if the claim is filed within the applicable statute of limitations, the claim shall be defended by the department if the department received a written request for indemnity and defense within 180 days of the date on which *notice of the claim* is first given to the participating health care provider or its insurer.

(Emphasis added). In the case *In Re: Kimberly S. Harnist, MD*, MM06–02–014 (filed October 10, 2006), the Insurance Commissioner held in no uncertain terms that the date a writ of summons is filed, is the date a claim is "made." Although Dr. Yussen argued that the Commissioner included the date of service of the writ in making his determination that the claim was "made" before the four years, the

Commissioner only referenced the service of the writ because had the writ not been served, the claim would have been a nullity. However, the Insurance Commissioner determined that since the writ was served, regardless of the date, the filing of the writ was the date on which the claim was "made." We agree with the reasoning in *Harnist* and hold that the date the writ was filed is the date the claim was "made."

This Court notes that Dr. Yussen argued that this Court, in *Cope v. Insurance Commissioner*, 955 A.2d 1043 (Pa.Cmwlth. 2008), held that notice is required for a claim to be "made." However, this Court was not addressing the date on which a claim is "made" in that matter, rather it held that the notice requirement under Section 715 that triggers the 180 days from which the written request must be made is not satisfied by the filing of a writ.

■ Here, the ending date of the alleged malpractice was July 7, 2003, and the writ was filed on June 4, 2007, less than four years after the malpractice. Thus, Dr. Yussen is not entitled to Section 715 coverage. Accordingly, the Exceptions filed by the Mcare Fund are sustained, and is entered in favor of the Mcare Fund.

### ORDER

AND NOW, this 4th day of January, 2011, the Exceptions filed by the Medical Care Availability and Reduction of Error (Mcare) Fund are sustained. Judgment is entered accordingly, in favor of the Mcare Fund as Petitioner is not entitled to Mcare coverage in the matter before the Court.

---

3. "On issues of statutory interpretation this Court's scope of review is plenary, and our standard of review is *de novo*." *Bender v. Pa. Ins. Dep't*, 893 A.2d 161, 162 (Pa.Cmwlth. 2006).